UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO. 24-cv-2670

_____

Nick Hansen and Meghan Arquette,
on behalf of themselves and all
others similarly situated,

                Plaintiffs,

v.

Renters Warehouse, LLC,

                Defendant.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

_____

Plaintiffs, Nick Hansen and Meghan Arquette, allege as follows, on behalf of themselves and all others similarly situated:

## INTRODUCTION

1. This class action arises out of Defendant Renters Warehouse's egregious conduct and business practices and violations of Minnesota's security deposit statute (Minn. Stat. § 504B.178), the Minnesota Prevention of Consumer Fraud Act (Minn. Stat. §325F.69), and common law unjust enrichment.

2. Defendant Renters Warehouse, LLC ("Defendant Renters Warehouse") is a residential real estate management company originally founded in 2007 in Golden Valley, Minnesota.

3. In the over fifteen years since its founding, Defendant Renters Warehouse has

grown and spread to forty different markets nationwide, where it manages more than $4 billion of real estate, comprising over 17,000 residential homes.

4. In 2015, the Minnesota Department of Commerce issued Defendant Renters Warehouse a Cease-and-Desist Order in which it was fined $150,000.00 for failing to place tenant security deposits in real estate trust accounts and assessed residents' charges over the statutory maximum for checks returned for non-sufficient funds.

## JURISDICTION

5. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs seek thousands of dollars per class member in damages and statutory penalties for wrongfully withholding security deposits, which, when aggregated among a proposed class number in the thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, the Plaintiffs are citizens of a different state than that of the Defendant Renters Warehouse, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A). Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

6. The Court has personal jurisdiction over Defendant Renters Warehouse because it resides in and transacts business in this district.

7. Venue is proper pursuant to 15 U.S.C. § 1391(b)(1) because Defendant Renters Warehouse resides in this district.

## PARTIES

8. Plaintiffs are current residents of Chicago, Illinois. They were formerly tenants at 17330 50th Ave N, Plymouth, Minnesota 55446, in Hennepin County, Minnesota, owned by third-party Verdhan Yedla Srinivasa Harsha.

9. Defendant Renters Warehouse is a Minnesota limited liability company with a principal place of business at 6101 Baker Road, Suite 200, Minnetonka, Minnesota 55345.

## CLASS ALLEGATIONS

10. Plaintiffs seek to represent a class defined as follows: All tenants who previously resided at a property located within Minnesota that is or was managed by Defendant Renters Warehouse and who were charged unreasonable amounts at the time of vacating the premises and did not receive an accurate amount for their refunded security deposits. The applicable class period shall be defined as six years before the date of filing this complaint.

11. Plaintiffs reserve the right to amend the above class definitions and add additional classes and subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

12. The class is so numerous that the joinder of all members is impracticable. While the precise number of class members has not been determined, it is currently believed to number in the hundreds. Plaintiffs believe that Defendant Renters Warehouse has sufficient access to data to identify all class members.

13. Plaintiffs believe, and on that basis allege, that Defendant Renters Warehouse's records would provide information on the number and location of all class members.

14. There are questions of law and/or fact common to the class, as set forth below.

15. Plaintiffs' claims are typical of the claims of the class as a whole.

16. Plaintiffs will fairly and adequately represent the interest of the class. Plaintiffs know of no conflicts of interest among members of the class.

17. Plaintiffs are represented by attorneys who are qualified, experienced, and capable of conducting the litigation and adequately representing the entire class's interests.

18. The prosecution of separate actions by or against individual members of the class would create a risk of:

    a. Inconsistent or varying adjudications concerning individual members of the class, which would establish incompatible standards of conduct for the party opposing the class; and

    b. Adjudications concerning individual members of the class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

19. Defendant Renters Warehouse acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

20. Questions of law or fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. A class action is appropriate in this case pursuant to Rule 23 of the Minnesota Rules of Civil Procedure because:

    a. Defendant Renters Warehouse has acted on grounds generally applicable to the class, making appropriate injunctive or declaratory relief with respect to the class as a whole;

    b. Questions of law and fact common to the class include:

        i. Whether Defendant Renters Warehouse's actions described herein constitute false pretense, false promise, misrepresentation, misleading statement, or deceptive practice within the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68–70; and

        ii. Whether Defendant Renters Warehouse's actions described herein violate the return of security deposits statute under Minn. Stat. § 504B.178.

    c. This lawsuit benefits the public at large because, among other reasons:

        i. Defendant Renters Warehouse has engaged in systematic and deceptive violations of state laws specifically enacted to protect the rights of consumers in Minnesota;

      ii. Defendant Renters Warehouse manages approximately 15,000 houses for lease in forty (40) markets across the country.[1]

## FACTUAL ALLEGATIONS

22. Minn. Stat. § 504B.178 governs residential security deposits and their return to vacating tenants. Specifically, that statute provides:

    *The landlord may withhold from the deposit only amounts reasonably necessary:*

        *(1) to remedy tenant defaults in the payment of rent or of other funds due to the landlord pursuant to an agreement;*

    *or*

        *(2) to restore the premises to their condition at the commencement of the tenancy, ordinary wear and tear excepted.*

    Minn. Stat. § 504B.178 subd. 3(b)(2).

23. On July 16 and July 19, 2021, Plaintiffs signed a lease to rent a home at 17330 50th Ave N, Plymouth, Minnesota 55446 (the "Lease").

24. The Lease identifies Defendant Renters Warehouse as the "Property Manager." At all times relevant to this Complaint, Defendant Renters Warehouse was a "landlord" as defined by Minn. Stat. §504B.001 subd. 7.

---

[1] https://www.renterswarehouse.com/landing-page/about-us  Visited website on 8/25/2022.

6

25. The last page of the Lease, which is titled "Minnesota State Rider," and states the following:

> SECURITY DEPOSIT. Upon the execution of this lease and prior to receiving access to the Premises, Tenant shall deposit with Renters Warehouse the Security Deposit as described in Item 9 of the Basic Provisions, as security for any damage caused to the Premises during the term hereof. *If Renters Warehouse manages the Premises on behalf of Landlord, then Renters Warehouse shall retain the security deposit throughout the term of this Lease, unless otherwise agreed to between the Parties. Such deposit shall be returned to Tenant, less any set off for damages to the Premises upon the termination of this Lease, in accordance with Minnesota laws.* (Emphasis Added).

26. Once the tenancy commenced, Plaintiffs continually had issues with the condition of the property. These issues finally culminated in Plaintiffs filing a rent escrow action in Hennepin County housing court titled *Hansen, et. al. v. Renters Warehouse, LLC, et. al.*, File No. 27-CV-HC-22-1068.

27. On or about April 12, 2022, the Plaintiffs and the landlords, including Defendant Renters Warehouse, executed a settlement agreement in which the Plaintiffs' Lease was terminated effective April 30, 2022, and the Plaintiffs would vacate the Premises.

28. According to the settlement agreement, the Plaintiffs' security deposit of $3,595.00 would be handled in accordance with Minn. Stat. § 504B.178.

29. On or about April 30, 2022, Plaintiffs vacated the premises as promised in the settlement agreement.

30. On or about May 20, 2022, Defendant Renters Warehouse mailed to Plaintiffs a refund check for their security deposit and a letter itemizing the amounts being withheld from their security as required by Minn. Stat. § 504B.178.

31. The charges included $50.00 to refill salt in the water softener, $42.64 to replace a filter in the humidifier, and $42.64 to replace the filter in the HVAC.

32. On their face, these deductions are amounts incurred from ordinary wear and tear from Plaintiffs residing on the Premises.

33. Minn. Stat. § 504B.178 prohibits such deductions and retention.

34. The retention of said amounts constitutes bad faith.

35. This is not the only instance of Defendant Renters Warehouse retaining amounts from security deposits that resulted from ordinary wear and tear.

36. For example, in 2018, a former tenant removed a conciliation court case against Defendant Renters Warehouse to Hennepin County District Court. *See Caper v. Renters Warehouse, et al*, File No. 27-CV-18-12035.

37. In that case, the tenant accused Defendant Renters Warehouse of unlawfully retaining portions of her security deposit.

38. Judge Kristin A. Siegesmund disallowed multiple deductions from the tenant's security deposit because they were either ordinary wear and tear or ordinary maintenance resulting from merely managing residential property.

39. Said deductions included a damaged outdoor fence, gutters, and lawn care maintenance, replacement of smoke and carbon detectors, and replacement of doorknobs.

40. Defendant Renters Warehouse even assessed the tenant $30.00 to replace light bulbs, which the court disallowed.

41. Judge Siegesmund held that "attempting to push $1,750 of turnover costs on the tenant when this bears no relation to damage is an overreach by the landlord."

42. Upon information and belief, Defendant Renters Warehouse's practices are common across all tenants in Minnesota.

43. Upon information and belief, these practices are systematic and continue to present.

## CAUSES OF ACTION

### COUNT I.

**BREACH OF MINNESOTA SECURITY DEPOSIT STATUTE**
**Minn. Stat. § 504B.161**

44. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Defendant Renters Warehouse has systematically, continuously, and in bad faith breached the security deposit statute under Minn. Stat. § 504B.178 by unlawfully retaining amounts from tenants' security deposits that are otherwise constituted as ordinary wear and tear.

46. Plaintiffs and other tenants were caused harm and actual damage by Defendant Renters Warehouse's breaches of this statute by having monies unlawfully withheld from their security deposits.

## COUNT II.

### MINNESOTA PREVENTION OF CONSUMER FRAUD ACT
### Minn. Stat. §325F.69

47. Plaintiffs incorporate by reference all of the above paragraphs of this complaint as though fully stated herein.

48. Defendant Renters Warehouse has continuously engaged in false and misleading statements and deceptive practices. These misrepresentations were intended to cause Plaintiffs and other tenants to understand that they were responsible for amounts unlawfully withheld from their security deposits.

49. Defendant Renters Warehouse intended that others rely on its deceptive practices in leasing residential rental properties.

50. Defendant Renters Warehouse engaged in misconduct by inducing Plaintiffs and other tenants to rely on these deceptive practices when withholding amounts from their security deposits.

51. Plaintiffs and other tenants were caused harm and actual damages by Defendant Renters Warehouse's deceptive practices.

52. As a result of Defendant Renters Warehouse's violations of the MPCFA, Plaintiffs and other tenants are entitled to equitable and injunctive relief, monetary damages, attorneys' fees and expenses, and other appropriate relief pursuant to Minnesota's

private attorney general statute and other applicable law. *See* Minn. Stat. §8.31, subd. 3a.

## COUNT III.

### UNJUST ENRICHMENT

53. Plaintiffs incorporate by reference all of the above paragraphs of this complaint as though fully stated herein.

54. The retention of amounts from security deposits resulting from ordinary wear and tear conferred a substantial benefit on Defendant Renters Warehouse.

55. Defendant Renters Warehouse will be unjustly enriched if it is permitted to keep this money without having to repay them with interest.

56. Equity demands that Defendant Renters Warehouse repay the funds to Plaintiffs and other tenants with interest.

## COUNT IV.

### DECLARATORY RELIEF

57. Plaintiffs incorporate by reference all of the above paragraphs of this complaint as though fully stated herein.

58. An actual controversy has arisen between the Plaintiffs and the class of tenants they represent and Defendant Renters Warehouse concerning their respective rights and duties. Plaintiffs contend that Defendant Renters Warehouse's retained amounts from security deposits are the result of ordinary wear and tear in violation of Minn. Stat. § 504B.178.

59. Plaintiffs, on their behalf and on behalf of the Class they represent, desire a judicial determination of their rights and duties and the Class members' rights and duties, and a declaration to the effect that Defendant Renters Warehouse's retention of amounts from their security deposits that result from ordinary wear and tear violates Minn. Stat. § 504B.178.

60. A judicial declaration would advise tenants of their rights and advise Defendant Renters Warehouse of its duties to Plaintiffs and Class members.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray that relief be granted as follows:

- Certifying the case as a class action;

- Approving Plaintiffs Hansen and Arquette as class representatives;

- Appointing the Consumer Justice Center P.A. and Petersen Legal PLLC as class counsel;

- Finding Defendant Renters Warehouse liable for all of the claims asserted herein;

- Granting injunctive relief that disgorges from Defendant Renters Warehouse and provides restitution to the tenants of all amounts withheld from tenants' security deposits that are otherwise the result of ordinary wear and tear;

- Awarding damages to Plaintiffs and other tenants, including compensatory damages for amounts withheld from tenants' security deposits that are otherwise the result of ordinary wear and tear;

- Awarding punitive damages not to exceed $500.00 for each deposit that Defendant Renters Warehouse retained or any portion thereof, in bad faith;

- Awarding costs and attorney fees; and

- Granting such other and further relief as may be just and proper.

Dated this 10th day of July, 2024.

Respectfully submitted,

By: /s/Ryan D. Peterson
Ryan D. Peterson, Esq.
Attorney I.D. #:  0389607
PETERSON LEGAL PLLC
6600 France Ave S, Suite 602
Edina, MN  55435
Telephone: 612-367-6568
ryan@peterson.legal

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
Carter B. Lyons, Esq.
Attorney I.D. #:  0403655
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommy@consumerjusticecenter.com
carter@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFFS*

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Nick Hansen, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated this 28th day of June 2024.

s/Nick Hansen  
Nick Hansen

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Meghan Arquette, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated this 1st day of July 2024.

                                                                    s/Megan Arquette
                                                                    Meghan Arquette